No. 3012.

SAMUEL JAMISON *v.* J. H. POTHAUS et als.

In view of the facts detailed by plaintiff himself, showing that he and his family, departing from New Orleans, where his usual residence used to be, lived and resided during the war within the Confederate lines, it is evident that plaintiff did not reside in New Orleans on the sixth of April, 1863, the time of the protest of the note on which he appears as indorser, and that, as he had no known place of residence, the notice deposited for him by the notary in the post office, pursuant to the act of 1855, was sufficient to fix his liability.

Besides, the plaintiff, on the ground that he did not know he was legally released by the want of notice, can not be permitted to recover the sum which he voluntarily paid as a compromise for a larger sum claimed of him. He preferred to pay this sum to the hope of gaining, balanced by the danger of losing the law suit which the defendants were about to bring against him. The settlement or transaction has a force equal to the authority of the thing adjudged.

APPEAL from the Seventh District Court, parish of Orleans. *Collens*, J. *Thos. Hunton*, for plaintiff and appellant. *James Brewer*, *H. L. Davis*, for defendants and appellees.

MORGAN, J. The plaintiff appeals from the judgment rejecting his demand to recover of the defendants $3175, the amount paid by him in compromise of a note on which he was an indorser. The ground for the action is, that plaintiff made the payment in ignorance of the fact he was not liable as indorser, because he had not been properly notified of the dishonor of the note.

The first question is, was the plaintiff properly notified of the dishonor of the note?

If his residence was in the city as he contends, at the time of the protest in August, 1863, the notice was insufficient, because it was not

served personally, nor at· the domicile· of the plaintiff.   But if he did
not reside here and had no known place of residence, as the defendants
contend, the notice deposited in the postoffice for him, pursuant to the
act of 1855, was sufficient to fix his liability.

It is true the plaintiff swears that his domicile was on Baronne street,
where he has resided for the last twenty years ;  still the facts detailed
by him on cross examination show conclusively that he did not reside
there in August, 1863, the time of the protest, and that he then had no
known place of residence.   He left the city in May, 1862, to go into
Confederate lines; neither he nor his family resided here in 1863; he
does not know where he was on the sixth August, 1863, but thinks he
was at Opelousas or at Natchitoches;  he did not return with his family
to reside in New Orleans until after the war.

In view of the facts detailed by himself, showing that the plaintiff
and his family lived and resided during the war in Confederate lines,
we have no difficulty in finding that the plaintiff did not reside in New
Orleans on the sixth August, 1863, the time of the protest of the note,
notwithstanding his conclusion or opinion to the contrary.

He had no known place of residence and the notice put in the post-
office for him by the notary was sufficient.   6 An. 364.

Besides, at the time of the compromise, the plaintiff knew he had
not been served with notice of the dishonor of the note either in
person or at his residence, because his person and his residence being
in Confederate lines at the time of the protest could not be reached by
the notary.   ·

For $3175 the plaintiff settled or compromised the debt which
amounted to some $4500, including interest.   He preferred to pay this
sum to the hope of gaining balanced by the danger of losing the law-
suit which the defendants were about to bring against him.   The
settlement or transaction has a force equal to the authority of· the
thing adjudged.   And the plaintiff has failed to show sufficient grounds
to annul it.

Judgment affirmed.